UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60889-CIV-DIMITROULEAS

FRITZ DEMOSTHENES, on behalf of himself and
all others similarly situated,

    Plaintiff,

vs.

FLORIDA BOTTLING, INC., a Florida corporation,
and THOMAS FUHRMAN,

    Defendants.
_____/

## ORDER DENYING MOTION TO ADOPT SPECIAL FLSA CASE MANAGEMENT PROCEDURES

    THIS CAUSE is before the Court upon Defendants' Motion to Adopt Special FLSA Case Management Procedures, filed herein on August 12, 2008. [DE-12]. The Court has carefully considered the Motion, notes Defendants indicate Plaintiff objects to the Motion, and is otherwise fully advised in the premises.

    Defendants request that the Court adopt special case management procedures utilized in some of the other divisions of the Southern District of Florida for Fair Labor Standard Act (FLSA) cases. Defendants cite to no case law or authority within the FLSA itself that would require such procedures. Rather, Defendants argue that in the other actions, the procedures have been implemented in order to streamline litigation, discourage meritless FLSA claims, and

facilitate the prompt resolution of claims.  Specifically, Defendants seek for Plaintiff to provide detail concerning his claim, including setting out the total amount of unpaid wages and attorneys' fees incurred to date.

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  The complaint must give "the defendant fair notice of what the claim is and the grounds upon which it rests." Harris v. Procter & Gamble Cellulose Co., 73 F.3d 321, 324 (11th Cir. 1996).  "Furthermore, there is no heightened pleading requirement when alleging overtime wage claims under the FLSA." Frazier v. Cummings Leasing, Inc., 2007 WL 2225965, at *2 (M.D. Fla. Aug. 2, 2007) (citing Burton v. Hillsborough County, Fla., 181 Fed. Appx. 829, 839 (11th Cir. 2006), cert. denied, 127 S. Ct. 556 (2006)).  The Court finds that Plaintiff's Complaint provides sufficient detail at this stage of the pleadings to place Defendants on notice as to the nature of the claim–requiring further detail by way of these procedures would conflict with the concept of Rule 8's notice pleading.[1] Therefore, the Court is not persuaded that the special FLSA case management procedures requested by the Defendants are necessary in the above-styled action.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Broward County, Florida this 12th day of August, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

---

[1] In so finding, the Court is in no way indicating a position regarding the standards of a motion to dismiss as to this case.

Copies furnished to:

Chad E. Levy, Esq.

Christopher J. Whitelock, Esq.

James J. Thornton, Esq.

Jennifer D. Ellis, Esq.