UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60889-CIV-DIMITROULEAS

FRITZ DEMOSTHENES,

Magistrate Judge Rosenbaum

    Plaintiff,

vs.

FLORIDA BOTTLING, INC.,
a Florida corporation, and
THOMAS FUHRMAN, individually,

    Defendants.
_____/

**ORDER DENYING, WITHOUT PREJUDICE,
JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE**

THIS CAUSE is before the Court upon the parties' September 24, 2008 Joint Stipulation for Dismissal With Prejudice. [DE-24].  The Court has carefully considered the Stipulation and is otherwise fully advised in the premises.

In the above-styled case, Plaintiff alleges that the Defendants violated the Fair Labor Standards Act ("FLSA") and therefore *any* settlement agreement must be approved by the Court. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).   The parties should note that when a settlement agreement requires approval by the Court, special circumstances must exist in order to deny the public access to the agreement.  See Brown v. Advantage Eng'g Inc., 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.  Absent a showing of extraordinary circumstances . . . , the court file must remain accessible to the public.").

The parties argue that Plaintiff is receiving payment in full for all of his claims, thus this

does not constitute a compromise requiring the Court's review and/or approval per the standard in Lynn's Food Stores.  The parties cite to Mackenzie v. Kindred Hospitals East, L.L.C., a Middle District of Florida case, for the aforementioned proposition.  Mackenzie v. Kindred Hosps. East, L.L.C., 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).  The court in Mackenzie indicated that Lynn's Food Stores addressed judicial oversight only in terms of "compromises" of FLSA claims.  Mackenzie, 276 F. Supp. 2d at 1217 (citing Lynn's Food Stores, 679 F.2d at 1354-55).  However, this Court notes, first that it is not bound by decisions of the Middle District of Florida, and secondly, that in Lynn's Food Stores, the Eleventh Circuit indicated that there "are only two ways in which back wage claims arising under the FLSA can be *settled or compromised* . . .."  Lynn's Food Stores, 679 F.2d at 1354 (emphasis added).  Thus, this Court reads the language as including both partial compromises or a full settlement.

Furthermore, in Mackenzie there was no indication that the parties were seeking to keep the full terms of the settlement from the public record.  In fact, the court described the calculations of overtime compensation made by the defendant and indicated the amount offered as full relief, $1,200.  Mackenzie, 276 F. Supp. 2d at 1214.  Also, Mackenzie involved a Rule 68 offer of judgment and cited to Arencibia v. Miami Shoes, Inc., which had held that Rule 68 is not precluded for a FLSA case.  Mackenzie, 276 F. Supp. 2d at 1215 (citing Arencibia v. Miami Shoes, Inc., 113 F.3d 1212 (11th Cir. 1997)).  In Arencibia, the Eleventh Circuit commenced its order by stating the amount offered by the defendant, $4,000.  Arencibia, 113 F.3d at 1213.  Though the Defendants in the present action have not indicated they made an offer pursuant to Rule 68, even that rule indicates that if the offer is accepted either party can then "*file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall

enter judgment." Fed. R. Civ. P. 68 (emphasis added).  Thus, this Court follows Lynn's Food requirement that *any settlement* be approved by the Court and the admonition in Brown that only extraordinary circumstances may keep information from the public record.  There has been no showing by the parties as to why the terms should be kept from the public record.

Therefore, the instant Motion must be denied, without prejudice to the parties refiling a similar motion with the settlement agreement attached or a demonstration of the extraordinary circumstances that justify keeping the agreement from the public court file.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The parties' Joint Stipulation for Dismissal With Prejudice [DE-24] is hereby **DENIED, WITHOUT PREJUDICE** to the parties refiling a similar motion with their settlement agreement attached or a showing of extraordinary circumstances as to why the complete agreement should not remain accessible to the public;

2.  In light of the previous extensions granted for Defendants to respond to Plaintiff's Motion to Strike, the original deadline to file a Response or to file a Stipulation for Dismissal, per this Court's Order of September 19, 2008, remains. [DE-23].  Thus, the parties shall refile a Stipulation for Dismissal or Defendant shall file a Response to the Motion to Strike on or before September 29, 2008.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of September, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Christopher J. Whitelock, Esq.
Chad E. Levy, Esq.
James E. McDonald, Esq.
Brian M. McPherson, Esq.